STOKER, Judge.
This is an appeal from the dismissal of a suit in which cattle owners claimed damages for the loss of cattle due to arsenic poisoning.
FACTS
Suit was filed by Grover Angelle, Lloyd Higginbotham, Pete Theriot, and the Estate of Stafford Melancon against the Southwest Louisiana Electric Membership Corporation (SLEMCO). Plaintiffs assert that SLEMCO sprayed herbicide in the area in which their cattle were grazing; several days later the cattle began to die; samples of grass in the area were found to contain arsenic; and the cows died of arsenic poisoning. They prayed for damages for the loss of the cattle and expenses related to the loss of the cattle.
At trial, witnesses for the plaintiffs testified that they saw employees of SLEMCO spraying under SLEMCO’s power lines. Witnesses for SLEMCO testified that no employee of SLEMCO sprayed herbicide in the area, that SLEMCO had no equipment for spraying herbicide, and that SLEMCO had no herbicide containing arsenic at or around the time the cattle died. Employees of SLEMCO admitted broadcasting by hand Tordon 10-K, a herbicide in pellet form. Tordon 10-K contains no arsenic.
The trial court dismissed the claim of Pete Theriot since he was not the owner of the cattle that died. It then found that the remaining plaintiffs had not proved by a preponderance of evidence that the loss of their cattle was the result of defendant’s spraying an arsenic compound in the area in question.
Angelle, Higginbotham and the Estate of Melancon now appeal. They contend that the trial court erred in failing to find that the plaintiffs had carried their burden of proof. They also contend that the court erred in failing to apply the doctrine of strict liability when the evidence indicated that the only area that evidenced the application of herbicide was under the power lines of SLEMCO where they admitted having applied the herbicide.
We find no error by the trial court. We affirm the judgment for defendant dismissing the suit.
BURDEN OF PROOF
There was conflicting evidence as to whether the deaths of the cattle were caused by SLEMCO and its employees. Whether defendant’s liability is based on strict liability or on negligence, the plaintiffs must prove by a preponderance of evidence that their damages were proximately caused by defendant’s activities. Russell v. Windsor Properties, Inc., 366 So.2d 219 (La.App. 3d Cir.1978).
The Russell case is cited by the plaintiffs as a case where herbicides were applied by defendants to their field and caused damage to the plaintiffs’ crop. Damages were awarded for the damage done by the herbicide. However, in that *1062 case there was no question but that the herbicide sprayed by the defendants caused the crop damage. In fact, in that case plaintiffs were awarded damages for only the damage they proved the defendants caused. They were not awarded damages for the part of the damage that might just as easily have been caused by others. In the case at bar there is a question of fact as to whether a herbicide used by SLEMCO caused the damage to the cows. There was conflicting evidence as to whether SLEMCO sprayed a herbicide in the area. The trial court did not find any of the witnesses were more worthy of belief or entitled to greater weight than the others. It held that plaintiffs did not prove as more probable than not that the loss of their cattle was the result of the defendant’s spraying an arsenic compound in the area in question.
As stated in the Russell case, “It is true that causation may be shown by circumstantial' evidence and such evidence need not negate all other possible cause, but nevertheless such evidence must exclude other reasonable hypothesis [sic] with a fair amount of certainty.” Here the plaintiffs argue that since the only area that showed evidence of herbicide application was under defendant’s power lines where they admitted having applied a herbicide, this indicates that the area under the power lines was the only source of the herbicide and the cattle must have died of eating from the affected areas under the power lines. We do not agree with this reasoning. There was evidence that Tordon 10-K would kill the trees and grasses in the area and that it contained no arsenic. There was evidence that Tordon 10-K could not kill cattle and that the cattle died of arsenic poisoning. There was evidence that employees of the Atchafalaya Basin Levee District sprayed herbicide on fence lines in the area. There was also evidence that there were aerial applications of other materials in close proximity to the area. The trial court found it significant that, although no arsenicals were applied in this way, Pete Theriot, agent for the landowners, could not say what had been in the tanks of the airplanes used in the procedure and whether or not a residue of arsenic might have been left therein. We do not believe what plaintiffs assert to be circumstantial evidence excludes the other reasonable hypotheses with a fair amount of certainty.
The plaintiffs in this case have not met their burden of proof. They have not established by a preponderance of evidence that the defendant is responsible for the death of their cattle. The trial court did not err in dismissing the case, and its judgment is affirmed.
AFFIRMED.